(No. 32619.

CHRISTENA YATES, Appellant, *vs.* BANKERS LIFE AND CASUALTY COMPANY, Appellee.

*Opinion filed March 23, 1953—Rehearing denied May 18, 1953.*

Pree & Pree, of Springfield, for appellant.

Gillespie, Burke & Gillespie, of Springfield, (Frederick H. Stone, of counsel,) for appellee.

Mr. Justice Bristow delivered the opinion of the court:

Plaintiff, Christena Yates, mother of the decedent, Oliver Yates, instituted proceedings to recover as beneficiary under an insurance policy issued by the defendant, Bankers Life and Casualty Company, on the life of the decedent. The jury returned a verdict in favor of plaintiff in the amount of $2000 upon which the circuit court of Sangamon County entered judgment. The Appellate Court, however, reversed that judgment on the ground that the evidence did not establish that the decedent met his death by accidental means, and this court has allowed plaintiff leave to appeal therefrom.

The sole issue in this cause is whether the Appellate Court erred in concluding that the death of the decedent was not occasioned by accidental means as provided by the terms of the policy.

According to the uncontroverted evidence, the decedent, Oliver Yates, had been physically disabled since the age

of eight in that he was paralyzed from his head to his toes on his left side, his left leg was shorter than his right leg, causing a decided limp, his left eye did not open and shut well, he was hard of hearing in his left ear, and he had difficulty in speaking and articulating words. Despite these handicaps, Yates had been self-supporting all his adult life, and was gainfully employed at the time of the event which occasioned his death. His family consisted of two daughters and a son, his wife having been dead for some twenty years. A policy of insurance was issued to him by defendant Bankers Life and Casualty Company, insuring against loss of life from bodily injuries effected through accidental means, under which policy his mother, plaintiff herein, was the beneficiary.

The alleged accident which resulted in the death of Oliver Yates occurred on November 25, 1948. Lloyd Richardson testified that on that date while he was sitting with his wife and two minor children in the living room of his one-story frame home listening to the radio, Yates, a total stranger, opened the front door and proceeded to walk into the living room. Yates had his hands extended and open, carried no weapon and made no threats or menacing gestures. However, he did not answer when Richardson asked him twice what he wanted, but merely walked toward Richardson. The latter, without any intention of hurting Yates in any way, pushed him by the shoulders out of the front door. The front door opened onto a porch, which, as revealed by an exhibit and the testimony, is six inches lower than the floor of the living room, and there is a single wooden step from the porch to the cement sidewalk. When Richardson reopened the door seconds later, he saw Yates lying on his back on the cement sidewalk with his feet on the porch step. Consequently, it was surmised that Yates lost his balance and fell backwards from the higher level of the living room down the porch step onto the sidewalk where he struck the back of his head.

Richardson tried to revive Yates with water but failed, whereupon Mrs. Richardson called the police, who arrived ten minutes later and took Yates to the hospital by ambulance. One of the police officers testified that he had known Yates and corroborated the facts with reference to Yates's difficulty in walking and speaking. It was stipulated that Yates died as a result of a skull fracture and severe injury to the brain.

On the basis of the foregoing evidence the jury returned a verdict for plaintiff for $2000 upon which the court entered judgment. The Appellate Court reversed that judgment on the theory that the event causing the insured's injuries arose out of his own misconduct rather than through accidental means.

It is evident that to recover upon the insurance policy plaintiff must establish that the death of the insured resulted solely from bodily injury caused by accidental means. The Illinois case law is replete with definitions of what constitutes death through accidental means. *Christ* v. *Pacific Mutual Life Ins. Co.* 312 Ill. 525; *Hutton* v. *States Accident Ins. Co.* 267 Ill. 267; *Higgins* v. *Midland Casualty Co.* 281 Ill. 431; *Cory* v. *Woodmen Accident Co.* 333 Ill. 175.

In *Christ* v. *Pacific Mutual Life Ins. Co.* the court reviewed the definitions and applications of the term "accident" in cases involving recovery under insurance policies, and adopted the interpretation of the United States Supreme Court in *United States Mutual Accident Assn.* v. *Barry,* 131 U.S. 100. Under the rule promulgated in the *Barry case,* if an act is performed with the intention of accomplishing a certain result, and if, in the attempt to accomplish that result, another result, unintended and unexpected, and not the rational and probable consequence of the intended act, in fact, occurs, such unintended result is deemed to be caused by accidental means.

In the *Barry case,* the insured, along with two companions, jumped from a platform 4 or 5 feet high, and

in alighting unexpectedly wrenched his body by a jar which cause a stricture of the duodenum, resulting in his death a few days later. In adjudging that decedent had sustained an accident, the court stated: "The two companions of the deceased jumped from the same platform at the same time and place and alighted safely. It must be presumed not only that the deceased intended to alight safely, but thought that he would. The jury were, on all the evidence, at liberty to say that it was an accident that he did not. The court properly instructed them * * * that, if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means." Although the insured voluntarily and intentionally jumped from the platform, however, in the course of that act something unforeseen and unexpected occurred, *i.e.,* the wrenching of his body and stricture of the duodenum, hence the resulting death was deemed to be caused by accidental means.

In the *Christ case* the deceased also did an intentional act by drinking from a faucet, however, because of an unknown defect in the valve of the water pipes, he drank polluted water and contracted typhoid fever from which he died. This unforeseen and unexpected occurrence in the act preceding the injury was deemed to render it accidental.

In the case at bar the decedent Yates voluntarily entered Richardson's home uninvited, and Richardson committed the intentional act of pushing Yates by the shoulders out of the room. Richardson's act was done, not with the intention of hurting Yates in any way, for they were not engaged in any sort of controversy or fracas, but merely to remove Yates from the room. In the course of that intentional act Yates fell backwards from the higher level of the living room floor onto the lower porch, and then

down the single step onto the cement sidewalk on which he struck the back of his head in a fatal blow. Clearly, decedent's tripping backwards and ultimate skull fracture was both unexpected and unforeseen. Not only were the serious injuries to Oliver Yates unanticipated by him when he entered Richardson's home, but such a result was equally unexpected by Richardson when he pushed him through his doorway. Destroying the life of Yates was not even remotely contemplated by Richardson. One step to the porch and a single step to the sidewalk presented no ominous hazard which might reasonably foreshow a fatal injury.

Defendant, however, argues that the fatal blow on the back of decedent's head was the natural and probable result of his own misconduct, and cites the cases of *Cory* v. *Woodman Accident Co.* 333 Ill. 175, and *Hutton* v. *States Accident Ins. Co.* 267 Ill. 267, deemed determinative by the Appellate Court, in support of this contention.

In these cases the court reiterated the rule that where the insured voluntarily engages in a fight as an aggressor and receives injuries which are the natural and probable consequences of his act, the injuries cannot be deemed to be caused by accidental means. In the *Cory case,* the insured was shot by a smaller and weaker youth whom the insured had grabbed by the neck after the insured had been warned to stand back or be shot. The court predicated its determination that the injuries were not caused by accidental means on the ground that the insured had been warned that he would be shot, and could reasonably have foreseen and expected that his own unnecessary advance upon the boy would result in serious injury from the use of the deadly weapon held by him.

In the *Hutton case,* the insured commenced a fist fight with another powerful man, and in the course of the combat the insured's leg was broken. In holding that the injury was not accidentally caused, the court stated: "Where one voluntarily and deliberately engages in a fight or brawl

and places another in a position where he, too, must fight to defend himself, it is a natural result, and one known to all sensible men as likely to follow, that one or both of the combatants will receive more or less serious injury."

In the instant case, in sharp contrast to both the *Cory* and *Hutton cases,* the evidence, both direct and circumstantial, in no way suggests that decedent deliberately provoked a fight, or put Richardson in fear of his life or of his personal safety. Yates had no weapon, he did not advance menacingly or threateningly, nor in any way evidenced a malevolent intent, but merely limped forward in full view, with his hands open and arms extended, and then permitted himself to be easily ejected without fighting back in any manner. Moreover, Richardson testified that he did not intend to hurt Yates in any way, but merely to eject him, since he entered uninvited and did not answer when asked what he wanted. That failure to respond immediately could reasonably be attributed to Yates's speech difficulties which were clearly established by the testimony of a disinterested witness.

It is evident, therefore, that decedent's bewildered conduct can in no way be analogized to the type of aggressive action involved in the *Cory* and *Hutton cases,* hence, those decisions may not properly be deemed determinative. Moreover, irrespective of those cases, the death of the decedent as a result of a fall under the circumstances presented in this record cannot be deemed to be the natural and probable consequence of his confused conduct in walking into Richardson's house in full view of the occupants without manifesting an evil or aggressive intention. We do not know his purpose in limping into that household, but can only surmise from the nature of his conduct therein that he did not enter pursuant to a malevolent design which could conceivably have led to his death. As in the *Barry case,* the injuries and death of Yates were caused by something unforeseen and unexpected occurring in the course of an

intentional act, *i.e.*, the backward fall from the living room to the lower level of the porch and down the step onto the cement sidewalk, where he hit the back of his head and fractured his skull. Therefore, under the concept of "accidental means" adopted and reiterated by the Illinois court, the jury could properly have found that the death of the insured Oliver Yates was caused by accidental means, and that plaintiff, as beneficiary of the policy issued by defendant upon Yates's life, was entitled to recover thereunder.

The Appellate Court erred, therefore, in concluding that defendant's motion for judgment notwithstanding the verdict should have been allowed and in reversing the judgment of the circuit court entered on the jury verdict in favor of plaintiff. Consequently, the judgment of the Appellate Court is reversed and the judgment of the circuit court of Sangamon County is affirmed.

*Appellate Court reversed; circuit court affirmed.*