Margaret A. FLORAMO and Matthew Dalcamo Funeral Home, Assignee, Plaintiffs,

v.

MONUMENTAL LIFE INSURANCE COMPANY OF BALTIMORE, MARYLAND, Defendant.

No. 77 C 2272.

United States District Court, N. D. Illinois, E. D.

March 15, 1978.

Bernard B. Brody, Chicago, Ill., for plaintiffs.

Alan H. Silberman, Blaine H. Winship, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

The instant diversity action seeks recovery by plaintiffs of benefits under the basic life, accidental death and family benefit provisions of an insurance policy issued on June 1, 1975 by defendant to the insured, Salvatore P. Floramo, Jr. Defendant, Monumental Life Insurance Co. of Baltimore, Md. (Monumental), has raised the defense of suicide by the insured within two years of the issuance of the policy as to liability on the entire policy, and several other defenses as to liability for accidental death benefits. Pursuant to Fed. R. Civ. P. 56 Monumental has moved for summary judgment. For the reasons stated *infra*, this motion is denied as to plaintiffs' claims under the basic life and family benefit provisions of the policy, and granted as to plaintiffs' claim for accidental death benefits.

### I. Monumental's Defense of "Suicide".

As pointed out by defendant, each benefit provision of the policy issued to the insured provides that if the insured commits suicide within two years from the date of issuance, no benefits are payable under the terms of the policy. Rather, the beneficiaries of the policy are entitled only to a refund of the premiums paid in by the insured. Monumental argues that the insured, Salvatore P. Floramo, committed suicide on August 30, 1976 and that there is no genuine issue of material fact on this point.

This court cannot agree with defendant's contention that as a matter of law Monumental is entitled to judgment and that no facts are in dispute. Under Illinois law, the defense of "suicide" is an affirmative defense which shifts the burden of persuasion to the defendant on that issue. The Supreme Court of Illinois has stated,

> The burden of proving the affirmative defense of suicide is upon the defendant who must prove it by clear and convincing evidence.

*Kettlewell v. Prudential Ins. Co.,* 4 Ill.2d 383, 385, 122 N.E.2d 817, 818 (1954). Thus an insurance company is entitled to a directed verdict as a matter of law only if the undisputed evidence allows the only reasonable conclusion to be that suicide occurred and not an accident. *Id.* at 390, 122 N.E.2d at 821. *See also Metropolitan Life Ins. Co. v. Hogan,* 62 F.2d 135 (7th Cir. 1932). Accordingly, on a motion for summary judgment, the defendant must present evidence of such quality and weight that compels a finding of suicide and forecloses the possibility of a reasonable jury or trial court from finding the defendant failed to meet its burden of proof.

In the case at bar, on the present record, this court cannot state that defendant has met its burden. Thus, defendant has presented evidence that the deceased had a violent quarrel with his wife one or two days prior to his death and that his wife had left him. The deceased had been unemployed and depressed for some time. Deceased's death occurred due to an overdose of a barbiturate known as Tuinal and the pathologist's report indicates that at a minimum the insured took three times the recommended maximum dosage. Moreover, there is some indication of threats of suicide by the insured.[1]

While all this evidence might be suggestive of suicide, this court cannot say that as a matter of law a reasonable fact finder cannot accept an accident as a reasonable hypothesis. Thus, nothing in the record indicates the physical circumstances of the insured's death, such as the time of the insured's death or whether he attempted to seclude himself when he died. Moreover, while three times the maximum recommended dosage of Tuinal appears to be quite high, there is nothing in the record to demonstrate that such a dosage is invariably fatal.

Defendant argues that plaintiffs have not presented any affidavits or evidence to support their position that the insured's death was due to an accidental

---

1. This court need not rule at this time on the admissibility of testimony taken at the coroner's inquest presented in this motion indicating suicide threats by the insured.

overdose of Tuinal as is required by Fed. R. Civ. P. 56. However, in a relatively analogous situation, the Seventh Circuit has held that,

> "cases in which the underlying issue is one of motivation, intent or some other subjective fact are particularly inappropriate for summary judgment . . ."

*Craft v. Economy Fire & Casualty Co.,* 572 F.2d 565 at 572 (7th Cir. February 24, 1978).[2] In the case at bar the issue is the subjective intent of a deceased which must be determined solely by circumstantial evidence. Ordinarily, plaintiffs' beneficiaries of life insurance policies in cases such as this must rely on the fact that it is defendant who carries the burden of proving suicide. While some cases may be so overwhelming on the issue of suicide to allow the granting of a motion for summary judgment, recognizing that the question of "overwhelmingness" is one of degree, this case is not one of those rare cases appropriate for summary judgment.

Accordingly, defendant's motion for summary judgment based upon its affirmative defense of suicide is denied.

### II. Monumental's Defenses as to Plaintiffs' Claim for Accidental Death Benefits.

The accidental death benefit provision of the relevant life insurance policy provides in pertinent part:

> The Company agrees . . . to pay an accidental death benefit to Beneficiary upon . . . due proof of the accidental death of the Insured, which shows that:
>
> 1. death was . . . caused by and resulted from external, violent and accidental means, directly and independently of all other means . . .

and,

> No benefit will be payable under this Provision if the Insured's death results directly or indirectly, or wholly or partial-

ly from . . . taking any poison (drug or sedative) . . . whether voluntary or involuntary . . . .

Defendant argues that since the insured did not die of "accidental means" and that he died from a drug, Tuinal, the beneficiaries are not entitled to recover under this portion of the policy.

While this court agrees with defendant's second contention and, therefore, summary judgment is appropriate for defendant as to its liability for accidental death benefits, this court finds defendant's first contention incorrect. Thus, in citing cases from other jurisdictions, see, e. g., *Whiteside v. New York Life Ins. Co.,* 7 Wash.App. 790, 503 P.2d 1107 (1972), Monumental argues that where an insured intends to do an act but does not intend the *result*, which is death, such a death is not from accidental *means*. Accordingly, since Mr. Floramo *intended* to take Tuinal, even if he did not intend to commit suicide, while the result of his death was accidental the means were not. While this may be the law in other jurisdictions, this court, in its own research, has discovered that Illinois law is directly contrary to this position. Thus, in *Taylor v. John Hancock Mutual Life Ins. Co.,* 11 Ill.2d 227, 142 N.E.2d 5 (1957), the Illinois Supreme Court addressing an identical provision to the one at bar stated:

> In effect, "accidental means" has been held to be synonymous with "accidental result" . . . .

*Id.* at 230, 142 N.E.2d at 6. *See also Lang v. Metropolitan Life Ins. Co.,* 115 F.2d 621 (7th Cir. 1940); *Yates v. Bankers Life & Cas. Co.,* 415 Ill. 16, 111 N.E.2d 516 (1953); *Henry v. Metropolitan Life Ins. Co.,* 70 Ill. App.2d 132, 217 N.E.2d 482 (1966). In *Taylor,* the Illinois Supreme Court upheld a claim under an accidental death benefit provision limited to "accidental means" where the insured was killed while attempting to burn his building down to collect insurance. While the "means" were intentional the result was still accidental within the meaning of the insurance policy.

---

2. Thus, defendant's assertion that plaintiffs' "bald allegations" of accident cannot withstand defendant's affidavits misses the point that "accident" is not an element of *plaintiffs'* case and need not be alleged but rather that defendant must prove "suicide" to establish its affirmative defense.

However, although defendant cannot rely in Illinois on its accidental means argument, it is correct in arguing that plaintiffs are not entitled to accidental death benefits because the insured died in taking drugs. Tuinal is a barbiturate and Illinois law has declared it to be a "Schedule 2" drug indicating that it may only be obtained by prescription and that is has demonstrated the greatest potential for abuse and danger of those drugs with medical benefits. Accordingly, since it is undisputed that Tuinal is a drug as that term is ordinarily used and that the insured died from an overdose of Tuinal, defendant is entitled to judgment declaring it not liable to plaintiffs for accidental death benefits. *See, e. g., Mesa Oil Co. v. Business Men's Assurance Co. of America,* 476 F.2d 491 (9th Cir.), *cert. denied,* 414 U.S. 1003, 94 S.Ct. 358, 38 L.Ed.2d 239 (1973).

Therefore, defendant's motion for summary judgment on plaintiffs' claim for accidental death benefits is granted, there being no genuine issues of material fact. In all other respects defendant's motion is denied.