(text box: 1) NO. 5-02-0597

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

RONNIE L. LYONS, )  Appeal from the 

)  Circuit Court of

Plaintiff-Appellee, )  Williamson County.

)

v. )  No. 02-MR-14

)

STATE FARM FIRE AND )

CASUALTY COMPANY, )  Honorable

)  Ronald R. Eckiss, 

Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff, Ronnie L. Lyons, filed a complaint for a declaratory judgment in the circuit court of Williamson County.  He sought a determination of whether the defendant, State Farm Fire and Casualty Company (State Farm), had a duty to defend and indemnify him under a homeowner's  policy against a neighbor's lawsuit claiming trespass, permanent injunction, and replevin.  The trial court found in Lyons' favor, ordering State Farm to provide a defense in the underlying claim.  State Farm appeals.  We affirm in part and reverse in part.

I. BACKGROUND

On May 9, 2001, Tony and Deena Rendleman, who owned property that adjoined property owned by Lyons, filed a lawsuit against Lyons in the circuit court of Perry County, cause No. 01-CH-11.  The Rendlemans made the following allegations in their complaint: (1) trespass–that Lyons had built levees that protruded onto their property, (2) permanent injunction–that when Lyons would harvest fish from the pond that he had constructed for a commercial fish operation, he would drain the pond by diverting water onto the Rendlemans' property, in violation of article II of the Illinois Drainage Code (70 ILCS 605/2-1 
et seq.
 (West 2000)), and (3) replevin–that Lyons had wrongfully detained the Rendlemans' personal property (
i.e
., a brushcutter). 

 Lyons tendered his defense to his insurer State Farm under his homeowner's policy.  State Farm refused to defend Lyons, raising policy defenses.  In response, Lyons filed a complaint for a declaratory judgment in Williamson County and sought coverage and indemnification under the policy.  State Farm and Lyons each filed a motion for a judgment on the pleadings.  The trial court granted Lyons' motion, entering a judgment on the pleadings.  State Farm appeals this final judgment, following the trial court's denial of its motion to reconsider.

II. ANALYSIS

A motion for a judgment on the pleadings is akin to a motion for a summary judgment, but it is limited to the pleadings.  
Employers Insurance of Wausau v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 138, 708 N.E.2d 1122, 1129 (1999).  We review a judgment on the pleadings on a 
de novo
 basis.  
State Farm Fire & Casualty Co. v. Tillerson
, 334 Ill. App. 3d 404, 407, 777 N.E.2d 986, 989 (2002).  

The issues before us are whether State Farm has a duty to defend and indemnify Lyons under its homeowner's policy against the complaint filed by the Rendlemans.

First, we review the well-settled law regarding the construction of insurance policies as it relates to the rights and obligations of the parties.  It is the general rule that the duty of the insurer is determined by the allegations of the underlying complaint.  
Maryland Casualty Co. v. Peppers
, 64 Ill. 2d 187, 193, 355 N.E.2d 24, 28 (1976).  A duty to defend arises if the complaint's allegations fall within or potentially within the coverage provisions of the policy.  
Chandler v. Doherty
, 299 Ill. App. 3d 797, 801, 702 N.E.2d 634, 637 (1998); 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108, 607 N.E.2d 1204, 1212 (1992).  This is true even if the allegations are groundless, false, or fraudulent or if only one of several theories advanced is potentially within policy coverage.  
United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 144 Ill. 2d 64, 73, 578 N.E.2d 926, 930 (1991); 
Peppers
, 64 Ill. 2d at 194, 355 N.E.2d at 28.  The threshold requirements for the complaint's allegations are low.  
Management Support Associates v. Union Indemnity Insurance Co. of New York
, 129 Ill. App. 3d 1089, 1096, 473 N.E.2d 405, 411 (1984).  In a court's determination of the duty to defend, the underlying complaint is to be liberally construed in favor of the insured, and doubts and ambiguities are to be construed in favor of the insured.  
Wilkin Insulation Co.
, 144 Ill. 2d at 74, 578 N.E.2d at 930.  A determination regarding an exclusionary clause is subject to the same liberal standard.  
Wilkin Insulation Co.
, 144 Ill. 2d at 78, 578 N.E.2d at 933.  The factual allegations of the complaint, rather than the legal theories, determine a duty to defend.  
Management Support Associates
, 129 Ill. App. 3d at 1097, 473 N.E.2d at 411.  "An insurer may not justifiably refuse to defend an action against its insured unless it is 
clear
 from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage."  (Emphasis in original.)  
Wilkin Insulation Co.
, 144 Ill. 2d at 73, 578 N.E.2d at 930.  

Keeping these principles in mind, we turn now to compare the allegations of the underlying complaint with the relevant portions of the insurance policy.  

The underlying complaint was brought in three counts: count I–trespass, count II– permanent injunction, and count III–replevin.  While State Farm argues against coverage on all three counts, Lyons does not argue for coverage on count II or count III, conceding at oral argument that coverage does not apply for those counts.  Because the duty to defend a lawsuit arises even if only one of several theories of recovery is within the potential coverage of the policy, we therefore proceed to consider the potential for coverage on count I without the necessity of considering State Farm's arguments regarding counts II and III.  See 
Wilkin Insulation Co.
, 144 Ill. 2d at 73-74, 578 N.E.2d at 930.  

Count I includes the following allegations:  "Defendant has trespassed on Plaintiffs' Property in that Defendant has constructed levees that protrude onto Plaintiffs' Property," and "Defendant's actions constitute a wrongful interference with Plaintiffs' actual possessory rights in Plaintiffs' Property."

Lyons' liability policy provides coverage for "damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence."  It excludes coverage for property damage that "is either expected or intended by the insured."  The policy defines "occurrence" as "an accident, including exposure to conditions, which results in:  a. bodily injury; or b. property damage."  The policy also states as follows:  " '[P]roperty damage' means physical damage to or destruction of tangible property, including loss of use of this property.  Theft or conversion of property by any insured is not property damage." 

Occurrence

State Farm argues that the act of constructing levees was intentional and therefore was not an "occurrence" within the meaning of the policy, which defines "occurrence" as "an accident."  It further argues that the levees are the "natural and ordinary consequences" of the act of construction and therefore do not constitute "an accident."  In support of these arguments, State Farm cites to several cases that define an accident as " ' "an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." ' "  
Tillerson
, 334 Ill. App. 3d at 409, 777 N.E.2d at 990 (quoting 
State Farm Fire & Casualty Co. v. Watters
, 268 Ill. App. 3d 501, 506, 644 N.E.2d 492, 495-96 (1994) (quoting 
Aetna Casualty & Surety Co. v. Freyer
, 89 Ill. App. 3d 617, 619, 411 N.E.2d 1157, 1159 (1980))).  

In determining what constitutes an accident, Illinois adheres to the rule of law promulgated by the United States Supreme Court more than a century ago in 
United States Mutual Accident Ass'n v. Barry
, 131 U.S. 100, 33 L. Ed. 60, 9 S. Ct. 755 (1889).  In the 
Barry
 case three men jumped to the ground from a platform several feet high.  The three men were physicians who had just finished visiting a patient and were attempting to take a shortcut to their next destination.  Two of the men landed safely; however, Dr. Barry landed awkwardly.  He immediately became ill and died a few days later from a twisted duodenum caused by his bad landing.  His insurer raised a policy defense contending that Dr. Barry's death was not accidental within the meaning of the policy.  At the trial a jury found that the event had occurred accidentally.  The United States Supreme Court upheld the verdict, approving the following instructions with regard to finding an accident under the policy: 

"The court properly instructed [the jurors] that the jumping off the platform was the means by which the injury, if any was sustained, was caused; that the question was whether there was anything accidental, unforseen, involuntary, unexpected, in the act of jumping, from the time the deceased left the platform until he alighted on the ground; that the term 'accidental' was used in the policy in its ordinary, popular sense, as meaning 'happening by chance, unexpectedly taking place, not according to the usual course of things, or not as expected'; that if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual, occurs which produces the injury, then the injury has resulted through accidental means."  
Barry
, 131 U.S. at 121, 33 L. Ed. 60, 9 S. Ct. at 762.  

The court reasoned that while Dr. Barry intended to jump, he believed and intended that he would land safely from the jump; the fact that he did not land safely as expected constituted the accident.  
Barry
, 131 U.S. at 121, 33 L. Ed. 60, 9 S. Ct. at 762.  

The Illinois Supreme Court adopted the 
Barry
 interpretation of "accident" in 
Christ v. Pacific Mutual Life Insurance Co.
, 312 Ill. 525, 144 N.E. 161 (1924).  Some 60 years after 
Barry
, the Illinois Supreme Court summarized the rule promulgated in the 
Barry
 case, in the case of 
Yates v. Bankers Life & Casualty Co.
, 415 Ill. 16, 111 N.E.2d 516 (1953):  

"[I]f an act is performed with the intention of accomplishing a certain result, and if, in the attempt to accomplish that result, another result, unintended and unexpected, and not the rational and probable consequence of the intended act, in fact, occurs, such unintended result is deemed to be caused by accidental means."  
Yates
, 415 Ill. at 19, 111 N.E.2d at 517-18. 

Here, we find that State Farm's application of the definition of an accident is misunderstood.  The focus of the inquiry in determining whether an occurrence is an accident is whether the 
injury
 is expected or intended by the insured, not whether the 
acts
 were performed intentionally.  
United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 144 Ill. 2d 64, 77-78, 578 N.E.2d 926, 932 (1991); 
Aetna Casualty & Surety Co. v. O'Rourke Bros., Inc.
, 333 Ill. App. 3d 871, 878, 776 N.E.2d 588, 595 (2002); 
American Family Mutual Insurance Co. v. Enright
, 334 Ill. App. 3d 1026, 1031, 781 N.E.2d 394, 398 (2002).  There is no question that Lyons intended to build levees surrounding his pond.  The question determining policy coverage is whether he intended to build a part of the levees over the property line onto the Rendlemans' property.  If Lyons did not intend to build a part of the levees onto the Rendlemans' property, then the result can be said to be unintended or unexpected.  If answered in the affirmative, then he intended the injury, 
i.e.
, the trespass, and coverage would not apply.  State Farm's corollary argument–that because the levees were the natural and ordinary consequence of Lyons' conduct (the intentional act of construction), they do not constitute an accident–is equally unavailing.  If the focus of that inquiry had been injury- or result-oriented, the question then becomes whether building a part of the levees onto the Rendlemans' property is the "natural and ordinary consequence" of  the act of constructing levees.  We believe that this question can obviously be answered in the negative.

Further, the extension of coverage from "accident" to "occurrence," as in this policy,

has generally been considered to broaden coverage.  
Freyer
, 89 Ill. App. 3d at 619, 411 N.E.2d at 1159 (citing 7A J. Appleman, Insurance Law and Practice §4493 (1979)).

We have reviewed the underlying complaint and are unable to find any allegations that even suggest that Lyons expected or intended to build the levees so that they extended onto the Rendlemans' property.  Nevertheless, State Farm argues that because the complaint characterizes the intrusion upon the Rendlemans' property as a trespass, intent is implied as a necessary element of that tort.  State Farm further contends that trespass cannot be premised upon negligent conduct, citing to the Illinois Supreme Court case of 
Dial v. City of O'Fallon
, 81 Ill. 2d 548, 411 N.E.2d 217 (1980).  We reject outright State Farm's assertion that trespass cannot be based on negligent conduct.  Contrary to State Farm's claim, the 
Dial
 court stated, "[O]ne can be liable under present-day trespass for causing a thing or a third person to enter the land of another either through a negligent act or [through] an intentional act."  
Dial
, 81 Ill. 2d at 556-57, 411 N.E.2d at 222; see also 
Millers Mutual Insurance Ass'n of Illinois v. Graham Oil Co.
, 282 Ill. App. 3d 129, 139, 668 N.E.2d 223, 230 (1996) (cites to 
Dial
 for this proposition); 
Pipefitters Welfare Educational Fund v. Westchester Fire Insurance Co.
, 976 F.2d 1037, 1041 (7th Cir. 1992) (cites to 
Dial
 for this proposition).  This legal premise comports with Prosser on Torts: 

"The defendant is liable for an intentional entry although he has acted in good faith, under the mistaken belief, however reasonable, that he is committing no wrong.  Thus he is a trespasser although he believes that the land is his own ***.  The interest of the landowner is protected at the expense of those who make innocent mistakes."  W. Prosser, Torts §13, at 74 (4th ed. 1971).  

Moreover, it is the factual allegations of the complaint, rather than the legal theories, that determine a duty to defend.  
Management Support Associates
, 129 Ill. App. 3d at 1097, 473 N.E.2d at 411.

Finally, State Farm contends that the application of the 
Moorman
 doctrine prohibits recovery.  
Moorman Manufacturing Co. v. National Tank Co.
, 91 Ill. 2d 69, 435 N.E.2d 443 (1982).  State Farm argues that under the 
Moorman
 doctrine, in general, a tort does not lie absent an accident defined as a sudden and calamitous event.  This argument mischaracterizes the doctrine.  In 
Moorman Manufacturing Co.
, the plaintiff brought a products liability suit alleging that a defect in a grain-storage tank had caused it to crack.  The Illinois Supreme Court held that solely economic losses are not recoverable in tort actions for products liability.  
Moorman Manufacturing Co.
, 91 Ill. 2d at 81, 435 N.E.2d at 448.  The court then quoted with favor this definition of  "economic loss": " 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits–without any claim of personal injury or damage to other property.' "  
Moorman Manufacturing Co.
, 91 Ill. 2d at 82, 435 N.E.2d at 449 (quoting Note, 
Economic Loss in Products Liability Jurisprudence
, 66 Colum. L. Rev. 917, 918 (1966)).  Three exceptions to the economic loss rule were enumerated in 
Moorman Manufacturing Co.
: "(1) where the plaintiff sustained damage, 
i.e.
, personal injury or property damage, resulting from a sudden or dangerous occurrence [citation]; (2) where the plaintiff's damages are proximately caused by a defendant's intentional, false representation, 
i.e.
, fraud [citation]; and (3) where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions [citation]."  (Emphasis omitted.)  
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 199, 680 N.E.2d 265, 275 (1997).  

In the instant case we find that the Rendlemans' complaint seeks consequential damages directly related to the damage caused by the trespass.  "A trespass is an invasion in the exclusive possession and physical condition of land."  
Millers Mutual Insurance Ass'n of Illinois
, 282 Ill. App. 3d at 139, 668 N.E.2d at 230.  Depending upon the nature of the trespass, it can be said to be 'purely an injury to land.' "  
Millers Mutual Insurance Ass'n of Illinois
, 282 Ill. App. 3d at 140, 668 N.E.2d at 231 (quoting 
Reed v. Peoria & Oquawka R.R. Co.
, 18 Ill. 403, 404 (1857)).  Here, the destruction of the Rendlemans' property caused by the building of levees can be considered a pure injury to land.  Additionally, the Rendlemans' complaint alleges that they have been dispossessed of their property.  Because we find that the complaint does not seek solely economic damages, we have no need to consider State Farm's argument that the instant case does not come within one of the exceptions recognized under 
Moorman Manufacturing Co.
  

In the Illinois Supreme Court case 
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 680 N.E.2d 265 (1997), we find further support for our opinion that the Rendlemans' complaint seeks consequential damages.  There, one issue raised was whether the 
Moorman
 doctrine applied to the plaintiffs' nuisance claims, brought as a result of the flooding of the tunnel beneath the Chicago River.  The trial court distinguished between those cases which involved injury to persons or property and those which involved only economic loss, dismissing the latter under 
Moorman Manufacturing Co.
  The appellate court reversed the dismissals, holding that 
Moorman Manufacturing Co.
 did not apply to the tort of nuisance.  The Illinois Supreme Court reversed, upholding the trial court's decision that the economic loss doctrine does apply to nuisance cases.  The court then went on to point out that a recovery in tort was permissible for the consequential damages but not for the solely economic losses.  Citing to its earlier decision in 
Schatz v. Abbott Laboratories, Inc.
, 51 Ill. 2d 143, 281 N.E.2d 323 (1972), the court stated, "A plaintiff in a private nuisance action may recover all consequential damages flowing from the injury to the use and enjoyment of his or her person or property."  
In re Chicago Flood Litigation
, 176 Ill. 2d at 207, 680 N.E.2d at 279.  The 
Schatz
 case involved noxious odors emanating from a manufacturing plant.  Nearby homeowners, as well as the owners of a nearby movie theatre, brought a suit alleging a nuisance.  The homeowners claimed a loss in the use and enjoyment of their homes, and the theatre owners claimed a loss of profits.  The trial court found in favor of the homeowners and the theatre owners.  The appellate court reversed in part the homeowners' judgment and reversed outright the theatre owners' judgment.  The Illinois Supreme Court reversed the appellate court and affirmed the trial court's judgments for consequential damages.  
Schatz
, 51 Ill. 2d at 149, 281 N.E.2d at 326.  

Construing the policy and complaint liberally and resolving all doubts in favor of the insured, we conclude that the allegations of the underlying complaint are potentially within the coverage under the policy.

Damages

We find no merit in State Farm's contention that the underlying complaint does not allege property damage that comes within the policy's definition.  The policy states: " '[P]roperty damage' means physical damage to or destruction of tangible property, including loss of use of this property.  Theft or conversion of property by any insured is not property damage."  In count I of the underlying complaint there is no allegation of theft or conversion. Count I of the underlying complaint does allege that Lyons' actions interfere with the Rendlemans' "actual possessory rights" in their property.  A more clear statement of a "loss of use" could not be made without using the exact policy language.  See 
In re Chicago Flood Litigation
, 176 Ill. 2d at 207, 680 N.E.2d at 279.  

Additionally, the prayer for damages seeks "to remove that part of the levees that protrude [
sic
] onto Plaintiffs' Property and such other relief as this Court deems proper."  Essentially, the Rendlemans are seeking to restore the property to its original condition, 
i.e.
, undo the damage done to the property from the construction of the levees.  This appears to fit well within the policy's definition of property damage–"physical damage to or destruction of tangible property."  

Exclusionary Clause

State Farm next contends that any potential coverage based on the allegations of the underlying complaint is precluded by the policy clause excluding coverage for "bodily injury or property damage which is either expected or intended by the insured."  Our determination of the applicability of the exclusionary clause is controlled by the same liberal standard we apply to determine an insurer's duty to defend.  
Wilkin Insulation Co.
, 144 Ill. 2d at 78, 578 N.E.2d at 933.  

Additionally, we essentially find no difference between the arguments found here and the earlier arguments that the allegations did not describe an occurrence because the levees are the natural and ordinary consequence of Lyons' alleged conduct.  Therefore, we apply the same law with the same outcome–the allegations are potentially within the coverage.  See 
Aetna Casualty & Surety Co. v. O'Rourke Bros., Inc.
, 333 Ill. App. 3d 871, 879, 776 N.E.2d 588, 595-96 (2002).

Moreover, we find that the three cases relied on by State Farm are inapposite.  
Bay State Insurance Co. v. Wilson
, 96 Ill. 2d 487, 493, 451 N.E.2d 880, 882 (1983); 
West American Insurance Co. v. Vago
, 197 Ill. App. 3d 131, 137, 553 N.E.2d 1181, 1185 (1990); 
Freyer
, 89 Ill. App. 3d at 622, 411 N.E.2d at 1161.  The courts in those cases excluded coverage under facts involving criminal or quasi-criminal conduct, finding that even though a specific injury had not been intended or expected, an injury should have been anticipated because of the conduct engaged in by the insured.  
Bay State Insurance Co.
, 96 Ill. 2d at 493, 451 N.E.2d at 882 (the supreme court found that the insured, who had intentionally shot the victim and was later convicted, had expected the injury because injuries were practically certain to result from the conduct); 
Vago
, 197 Ill. App. 3d at 137, 553 N.E.2d at 1185 (the sexually assaulted victim's resultant emotional injuries should have been anticipated by the insured and consequently were expected injuries); 
Freyer
, 89 Ill. App. 3d at 622, 411 N.E.2d at 1161 (injuries allegedly resulting from the violent assault and battery of a person and the intentional destruction of property with malice aforethought cannot be considered unexpected by the insured).

We believe that for the reasoning of these cases to be applicable to the case before us, there would need to be some logical connection between the intentional act and the resultant injury (
i.e.
, an allegation that Lyons knew or should have known that his building a levee would result in a part of the levee encroaching onto the Rendlemans' property).  The Rendlemans' complaint makes no such allegation.  Applying the reasoning of these cases as State Farm suggests, without the necessary connection, would result in Lyons having intended or expected to build a part of the levee on the Rendlemans' property merely because he intended to build a levee.  We find this to be an illogical result.

Estoppel

We have found that State Farm had a duty to defend Lyons in the underlying action.  We further find that State Farm breached that duty by failing to pursue the appropriate legal options, and we hold that State Farm is estopped from raising any policy defenses.

Well-established Illinois law requires that an insurer that questions policy coverage must either (1) seek a declaratory judgment or (2) defend under a reservation of rights.  Where a duty to defend exists but the insurer fails to take either course of action, its failure to defend is unjustified, and in a subsequent action by the insured against it, it is barred from asserting its defenses to coverage.  
Shell Oil Co. v. AC&S, Inc.
, 271 Ill. App. 3d 898, 902, 649 N.E.2d 946, 949 (1995).  A recent Illinois Supreme Court case emphasized the importance of the estoppel doctrine in insurance coverage cases.  "It [(the estoppel doctrine)] arose out of the recognition that an insurer's duty to defend under a liability insurance policy is so fundamental an obligation that a breach of that duty constitutes a repudiation of the contract."  
Employers Insurance of Wausau v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 151, 708 N.E.2d 1122, 1135 (1999).  In declaring that an insurer cannot simply choose to refuse to defend, the court went on to state: "[T]he insurer must either defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage.  If the insurer fails to take either of these actions, the estoppel doctrine applies."  
Ehlco Liquidating Trust
, 186 Ill. 2d at 153-54, 708 N.E.2d at 1136.  The doctrine bars the insurer even from raising those defenses that might have been successful had the insurer not breached its duty to defend.  
Ehlco Liquidating Trust
, 186 Ill. 2d at 151-52, 708 N.E.2d at 1135.  The courts have only recognized one exception to the estoppel doctrine, 
i.e.
, a serious conflict of interest, which does not apply to the case before us.  
Ehlco Liquidating Trust
, 186 Ill. 2d at 152, 708 N.E.2d at 1135; 
Murphy v. Urso
, 88 Ill. 2d 444, 451-52, 430 N.E.2d 1079, 1082-83 (1981). 

We conclude that the estoppel doctrine applies to the case before us, barring State Farm from asserting any policy defenses.

Duty to Indemnify

Finally, State Farm contends that the trial court erred in entering a final judgment which included a duty to indemnify.  State Farm argues that the court's finding that it had a duty to defend is not dispositive of whether it also had a duty to indemnify.  We agree that a finding of a duty to indemnify was premature.

Because we found that the underlying cause of action presented a case of potential coverage, the general rule of estoppel was triggered.  Having breached its duty to defend, State Farm is consequently estopped from raising policy defenses at subsequent proceedings involving the underlying cause of action.  However, we stop short of ruling on a duty to indemnify, pending the outcome of the Rendlemans' lawsuit.  While State Farm can no longer argue, due to estoppel, that the resulting loss or damage was not covered or was excluded, "a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it."  
Outboard Marine Corp.
, 154 Ill. 2d at 127, 607 N.E.2d at 1221.  A declaratory judgment action to determine indemnification is premature if brought before a determination of the insured's liability.  
Maryland Casualty Co. v. Chicago & North Western Transportation Co.
, 126 Ill. App. 3d 150, 156, 466 N.E.2d 1091, 1095-96 (1984).  

III. CONCLUSION

Accordingly, we affirm the trial court's ruling on State Farm's duty to defend Lyons under his homeowner's policy, and we reverse regarding State Farm's present duty to indemnify Lyons.

Affirmed in part and reversed in part.

KUEHN and DONOVAN, JJ., concur.

                                      NO. 5-02-0597

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

RONNIE L. LYONS, )  Appeal from the 

)  Circuit Court of

Plaintiff-Appellee, )  Williamson County.

)

v. )  No. 02-MR-14

)

STATE FARM FIRE AND )

CASUALTY COMPANY, )  Honorable

)  Ronald R. Eckiss, 

Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: May 27, 2004

___________________________________________________________________________________

Justices
: Honorable Melissa A. Chapman, P.J.

Honorable Clyde L. Kuehn, J., and

Honorable James K. Donovan, J.,

Concur

___________________________________________________________________________________

Attorney
 Stephen W. Thomson, Thomson Law Offices, P.C., P.O. Box 538, Edwardsville, 

for
 IL 62025

Appellant
 

___________________________________________________________________________________

Attorney
 Brad K. Bleyer, 400 West Jackson Street, Suite A, P.O. Box 1001, Marion, IL 

for
 62959

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 05/27/04.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.